1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN H. VILLAREAL, LORENA VILLAREAL,<br><br>          Plaintiffs,<br><br>     v.<br><br>SENECA MORTGAGE SERVICES; AMS SERVICING, LLC; and DOES 1 – 20, inclusive,<br><br>          Defendants. | 1:14-cv-02033-MCE-GSA<br><br>**ORDER REGARDING BRIEFING OF MOTION TO DISMISS**<br><br>(ECF No. 14) |

   Defendant Seneca Mortgage Servicing LLC ("Defendant") filed a Motion to Dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) on January 13, 2015 and noticed the hearing on that motion for March 13, 2015. ECF No. 5. On March 4, 2015, Defendant filed a notice with the Court indicating that Plaintiffs had not filed any written opposition to the Motion and asserting that the failure to file any opposition "may be deemed consent to the granting . . . of the motion." ECF No. 11. Defendants cited to an unknown local rule to support

1

this proposition.[1] On March 10, 2015, the Court took the March 13 hearing off calendar and took the Motion under submission pursuant to its power under Local Rule 230(g), which allows a motion to be "submitted upon the record and briefs on file . . . subject to the power of the Court to reopen the matter for further briefs or oral arguments or both."

On March 16, 2015, Plaintiffs filed an opposition brief to the Motion, along with a declaration in support of the opposition. ECF No. 13. The declaration asserts that Plaintiffs had difficulty finding assistance in preparing a brief for filing in federal court after Defendant removed the case from Tulare County Superior Court. *Id.* As a result, the brief was filed later than intended. Later that day, Defendant filed objections to the opposition brief, arguing that Plaintiffs had not established good cause for the delay in filing an opposition brief and asking the Court to strike Plaintiffs' opposition as untimely. ECF No. 14.

The Court has considered Defendant's objections, but is not persuaded that the opposition brief should be stricken in its entirety. While Plaintiffs' opposition brief was untimely, the Court is mindful that "it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). This duty is especially acute when a "motion to dismiss under Rule 12(b)(6) is being considered"; strict enforcement of technical requirements with such a motion "might result in the loss of the opportunity to prosecute or defend a lawsuit on the merits." *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984). At the same time, the Court understands that Defendant has not had an opportunity to respond to the claims made in the opposition brief.

Accordingly, the Court OVERRULES Defendant's objections to the opposition brief. The

---

[1] It is unclear which jurisdiction has adopted the local rule Defendants cited to—the numbering does not fit the rule within the numbering scheme used in the local rules for the Eastern District of California and the Eastern District does not have a rule providing that failure to oppose a motion constitutes consent. *See* Local Rule 230(c).

hearing on the Motion remains off calendar, however, Defendant may file any reply to Plaintiffs' opposition brief, if desired, on or before **April 8, 2015**. If the Court determines that a hearing on the Motion is appropriate at that time, the parties will be contacted to schedule a hearing. Plaintiffs are further advised to review Local Rule 230 regarding motion practices and procedures. Future failures to comply with the deadlines set forth therein may result in sanctions.

IT IS SO ORDERED.

Dated: __March 18, 2015__            __/s/ Gary S. Austin__
                                      UNITED STATES MAGISTRATE JUDGE